METROPOLITAN LIFE INSURANCE COMPANY, Appellee, v. U. C. SUTTON et al., Defendants, ANNIS & ROHLING COMPANY, Appellant (and three other cases).

No. 42825.

APRIL 3, 1935.

Tinley, Mitchell, Ross & Everest and Henry & Henry, for appellee.

Wright & Baldwin, George S. Wright, Addison G. Kistle, Paul E. Roadifer, and Robert J. Bannister, for appellant.

DONEGAN, J.—This appeal involves decrees in four different cases in which the plaintiffs and the defendants with whom we are here concerned are the same, in which much of the evidence was the same, and in which the decrees were identical except as to the amounts involved and the descriptions of the real estate upon which mortgage foreclosures were sought. The petition in each case asked for the foreclosure of a mortgage and included as defendant Annis & Rohling Company, a corporation, which had negotiated the loan involved in the foreclosure suit. The only questions tried by the trial court and the only questions presented to us on the appeals arise out of the issues between the plaintiff and said defendant, Annis & Rohling Company. A companion case, Metropolitan Life Insurance Company v. C. V. Steiner et al., 219 Iowa 785, 259 N. W. 234, was tried along with the cases involved in this appeal. That case differed as to some of its facts from the cases here involved.

As above stated, the only issues involved in these appeals are between the plaintiff, Metropolitan Life Insurance Company, and the defendant, Annis & Rohling Company, a corporation. For the purpose of this opinion it is sufficient that we confine ourselves to the pleadings and facts as contained in the first of these cases, in

which the defendant U. C. Sutton was the owner of the land. Sutton desired to obtain a loan upon his land and Annis & Rohling Company obtained from him an application for a loan of $14,000. This application was submitted by Annis & Rohling Company to the Metropolitan Life Insurance Company for its approval, and, upon receipt of such approval, Annis & Rohling Company prepared the necessary note and mortgage covering the loan. The application was· made by Sutton to Annis & Rohling Company, and the note and mortgage weɪe made in the name of Annis & Rohling Company. After the note and mortgage had been executed, Annis & Rohling Company assigned them to the Metropolitan Life Insurance Company and forwarded them, with the assignment of the mortgage, to the insurance company. The insurance company, upon receipt of the papers, deposited the amount payable by it upon the loan to the credit of Annis & Rohling Company by whom it was paid to the borrower. Annis & Rohling Company depended for remuneration for its services in negotiating the loan on a commission to be paid by the borrower. A portion of this commission was paid to the loan company in cash, but a part thereof was, in accordance with the arrangements between the insurance company and the loan company, carried into the note in the way of interest payable upon the principal amount of the loan; that is, the note called for interest on the principal amount of the loan at $5\frac{1}{4}$ per cent per annum. but, of this interest, only 5 per cent was to belong to the insurance company and the $\frac{1}{4}$ of 1 per cent was to be paid to the loan company in payments spread over the period of the loan.

The defendant, Sutton, failed to make a payment as provided by the note and mortgage, and the insurance company brought this action to foreclose the mortgage, under an acceleration clause in both the note and mortgage. While the action was originally brought for the full amount of the unpaid balance of the principal, with interest at $5\frac{1}{4}$ per cent, and 8 per cent after default, as provided in the note and mortgage, the plaintiff insurance company, by an amendment to its petition, later asked for judgment and decree of foreclosure for the unpaid balance of the principal of the note, with interest thereon at the rate of 5 per cent per annum. The defendant, Annis & Rohling Company, filed answer in which it alleged that, under the terms of its agreement with the insurance company, it had an interest in the mortgage to the extent of the unpaid portion of its commission, and alleged that the insurance company had no

right to accelerate the maturity of the debt and foreclosure of the mortgage without its consent; and it asked that the plaintiff's petition be dismissed, and, in the alternative, that the foreclosure be had only for the amount of the installment due and delinquent thereon, that the court find the amount due the defendant under the note and establish it as a lien upon the mortgaged premises without priority between the parties and with equal right to the lien of the plaintiff, and that upon a sale of the premises the defendant loan company be entitled to a like proportion of the proceeds. To this answer the plaintiff insurance company filed a reply and, on the issues thus presented, evidence was introduced and the causes tried in the district court. The trial court found that Annis & Rohling Company had no interest in the note and mortgage sued upon, and that the plaintiff insurance company had full right to accelerate the maturity of the entire debt and to foreclose the mortgage securing same, without the consent of Annis & Rohling Company. Decree was entered accordingly, and from such decree the defendant, Annis & Rohling Company, appeals. For convenience the appellant will hereafter be referred to as the loan company and the appellee as the insurance company.

The appellant contends that the trial court erred in holding that it had no interest in the indebtedness sued on by the insurance company, and that the insurance company had a right to accelerate such indebtedness and foreclose the mortgage securing same without the consent of the appellant. The trial court found that the appellant had no interest in the indebtedness sued on because, by the terms of the written assignment indorsed upon the note sued on, the loan company had assigned all its interest in the indebtedness represented by the note and secured by the mortgage to the insurance company, reserving only $\frac{1}{4}$ per cent interest per annum to be deducted when and as such interest matures and is paid. The appellant contends that the language of such assignment is so indefinite and ambiguous that a proper construction of such language requires a consideration of the negotiations previously carried on between the insurance company and the loan company, and that, when thus construed, it will be found that such assignment did not deprive the appellant of an interest which it had in the indebtedness evidenced by the note and secured by the mortgage. A proper understanding of appellant's contention requires some statement as to

prior negotiations and agreements between the insurance company and the loan company.

Prior to about 1924, the loan company for several years had negotiated farm loans which were sold and assigned to the insurance company. For the services rendered the borrower in securing such loans, the loan company charged a commission which was charged to the borrower, and no part of which was payable by the insurance company. The principal of the loan was evidenced by a note and secured by a first mortgage, both of which were usually taken in the name of Annis & Rohling Company and later assigned to the insurance company. The commission owing by the borrower to the loan company, if not fully paid in cash, was secured in whole or in part by a second mortgage on the land, which mortgage, together with the note for commission secured thereby, was made payable to and held by the loan company. About 1924, the insurance company conceived a plan of amortizing its loans so that the payments made by the borrower each year would include not only the interest upon the principal of the loan, but also a part of the principal itself. Pursuant to this general plan of amortizing its loans, specific plans were developed so that the loans made by the insurance company would be paid off in such amortized payments extending over periods of 10, 15, 20, 25, 30, or 35 years. In connection with this plan of amortizing its loans, the insurance company insisted that the loan company should take no further second mortgages to secure its commission, but that the commission should be included in the note evidencing the loan made by the insurance company, by way of an additional interest charge over and above that which the insurance company charged the borrower. Thus, in the $14,000 Sutton loan with which we are concerned, the note executed by the borrower was for $14,000, with interest at $5\frac{1}{4}$ per cent per annum, and the mortgage executed secured this note and the interest thereon. The amortized payments extending over the period of 35 years were $882.14 on the first day of March, 1929, and each year thereafter, until the year 1963, when the entire loan, with interest, would be paid off. The interest payable to the insurance company was 5 per cent per annum, and the additional $\frac{1}{4}$ of 1 per cent was added to cover the amortized payments of the balance of the commission still owed by Sutton to the loan company. The $5\frac{1}{4}$ per cent interest per annum was computed upon the unpaid balance of the principal which, under the amortization plan, was

reduced each year. The payments according to this plan were to be made each year to the loan company, and out of each payment the loan company was to deduct the $\frac{1}{4}$ of 1 per cent on the unpaid balance of the principal of the loan, which it applied upon the payment of the commission due it from the borrower, and the balance of the payment was sent to the insurance company.

It is contended by the appellant, and there is evidence in the record tending to support this contention, that, in the negotiations leading up to the adoption of this plan, the insurance company represented to and agreed with the loan company that the unpaid portion of its commission which was thus included in the note in the way of additional interest would be secured by the mortgage. As against this the insurance company contends that the booklets which were issued by it to the loan company, and which were referred to in all the negotiations and correspondence as containing the details of the plan, show that there was never any intention that the commission, which was represented by the additional interest rate above the rate of 5 per cent would be secured in the mortgage; that it was clearly pointed out and understood that the unpaid principal of the loan and interest thereon at the rate of 5 per cent belonged to the insurance company; that this alone was what was secured by the mortgage; that the additional interest charge to cover the unpaid commission was to be paid to the loan company by the borrower in the amortization payment and was to be retained by the loan company *as and when collected;* and that the loan company had no interest or claim in the balance of the unpaid principal or the 5 per cent interest thereon, or in the mortgage securing the same.

In all of the cases involved in this appeal, however, we have an assignment of the notes representing the loan and also an assignment of the mortgages securing such notes, made by the loan company to the insurance company. The assignments of the mortgage are in the ordinary form, but the assignments appearing upon the back of the notes are all in the same form, and in the Sutton case, which we are now considering, such assignment was as follows:

"Without Recourse pay to the order of Metropolitan Life Insurance Company, No. 1 Madison Avenue, New York City.

"Annis & Rohling Company
"By Guy H. Spielman, Treasurer.

"In Consideration of the purchase and acceptance by the Metropolitan Life Insurance Company of this note Annis & Rohling Company hereby reserves ¼ per cent per annum upon the unpaid balance of the principal of this note, to be deducted when and as the interest matures and is paid, without right of priority or interest in the mortgage securing said indebtedness, except upon actual purchase of the whole debt thereby secured.

> "Annis & Rohling Company
> "By Guy H. Spielman, Treasurer."

As above stated, it is the contention of the appellant that the language of this assignment is so indefinite and ambiguous that it is impossible to gather therefrom the true intent and meaning of the parties and that, in order to arrive at this intent and meaning, recourse must be had to the prior negotiations and agreements between them.

It will be recalled that in this case judgment and foreclosure was asked by the insurance company only as to the unpaid portion of the principal of the $14,000 paid by it on the loan, and interest thereon at 5 per cent per annum. In this action, therefore, the insurance company was only asking for judgment and foreclosure as to the amount which it claimed belonged to it and not for any part of the unpaid commission due from the borrower to the loan company, which was represented by the additional ¼ of 1 per cent interest in the note. Referring to the assignment, it will be noted, in the first place, that the note involved is assigned without recourse to the insurance company by the loan company. This is followed by a special form of assignment in which it is stated that:

"In consideration of the purchase and acceptance by the Metropolitan Life Insurance Company of this note Annis & Rohling Company hereby reserve ¼ per cent interest per annum upon the unpaid balance of the principal of this note."

The reservation thus made, therefore, was of the ¼ per cent of the interest which was included in the note to cover the unpaid portion of the commission due from the borrower to Annis & Rohling Company. Such reservation did not include any part of the unpaid principal represented by the note or any part of the 5 per cent interest thereon which the insurance company is claiming and for which it is asking judgment and foreclosure. The assignment

further provides that such portion of the interest reserved is *"to be deducted when and as the interest matures and is paid"*. (Italics ours.) This language seems plain and understandable and we are unable to see in what way it can be said that there is any ambiguity or uncertainty therein. It would appear therefrom that the $\frac{1}{4}$ per cent interest per annum, which is retained, is to be deducted from the payments to be made by the borrower, when and as the interest payable by the borrower matures and is paid. Such payments by the borrower would include the amortized payment on the principal, the interest on the unpaid portion of the principal at 5 per cent per annum payable to the insurance company, and the interest at $\frac{1}{4}$ of 1 per cent per annum on the unpaid portion of the principal which belonged to the loan company as a payment on the commission due it from the borrower. If the assignment went no further it might be urged that it would not cover a situation such as is presented in this case, where the borrower ceased to pay and suit for foreclosure and judgment were brought by the holder of the note, and that in such case the rights of the parties would have to be determined by the introduction of further evidence. But in this case the assignment does go further. It provides that the interest thus reserved, which is to be deducted when and as such interest matures and is paid, is reserved *"without right of priority or interest in the mortgage* securing said indebtedness". (Italics are ours.) It seems difficult to understand how language could have been selected which more clearly shows that the reservation made was to be without any priority in the mortgage or any interest in the mortgage which secured the indebtedness. That there was an exception to this provision, in case the loan company should purchase the whole debt secured by the mortgage, is, of course, of no concern to us in this case, because it is unquestioned that the exception does not here apply. In our opinion, the language of the assignment is so clear and free from ambiguity that there is no occasion for any construction other than to give to it its plain and ordinary meaning.

Even if the language of the assignment be considered in the light of the matters that appellant contends must be considered, we are unable to see how that would in any manner change its meaning. All of the negotiations and agreements between the parties previous to this assignment indicated that the commission due to the loan company from the borrower was to be included in the

note, not by putting it in the principal, but by adding ¼ of 1 per cent to the rate of interest charged by the insurance company upon the loan. If the action brought by the insurance company had included past-due interest and had asked for judgment not only for the 5 per cent interest due the insurance company but also for the ¼ of 1 per cent which was to be paid to the loan company, it would then, of course, be quite clear that the loan company would have an interest in the amount for which judgment and the foreclosure of the mortgage was prayed. But the insurance company in this case is asking only for the balance of the unpaid principal due to it, with interest at 5 per cent thereon. The unpaid commission was not included in the principal amount of the note which was sold and assigned to the insurance company, and it is not included in the 5 per cent interest which the insurance company is asking be paid to it out of the proceeds of the foreclosure. When making the assignment the loan company reserved all of its unpaid commission which it was clearly understood was included only in the additional ¼ of 1 per cent interest. The insurance company could not ask for a judgment against the borrower for this ¼ of 1 per cent interest, because, under the agreements between the insurance company and the loan company, and by the terms of the assignment, this additional ¼ of 1 per cent interest did not belong to the insurance company. We see no reason for placing any other construction upon the assignment than that which the facts as well as the assignment itself would seem to warrant, and that is, that the action to foreclose which has been brought by the insurance company does not include any interest of the loan company on account of its commission, because the loan company by its own written agreement has stated that the indebtedness represented by the note secured by this mortgage is the property of the insurance company, without any right of priority or interest of the loan company in the mortgage securing said indebtedness.

Having no interest in the indebtedness, or in the mortgage securing same, which the insurance company is seeking to enforce in this action, the loan company is, of course, without any right to question the action of the insurance company in accelerating the maturity of the indebtedness, even though by so doing the loan company is deprived of the method of collecting its commission as a part of the installment payments due from the borrower to the insurance company under the amortization plan. Both the note and

the mortgage secured thereby provided that the payment of the full amount of the loan might be accelerated either by the maker of the note and mortgage voluntarily paying the full amount of the indebtedness before it became due, or by the holder of the note and mortgage electing to declare the full amount due because of default in performance of the conditions of the note and mortgage; and it can hardly be said that any of the parties contemplated that the owner of the principal of the loan could not enforce its payment according to the terms thereof, without the consent of the loan company whose only interest therein was represented by the small fraction of the interest rate which was reserved to it as a means of collecting its commission. Moreover, this question has been already determined by the holding of this court in the case of Metropolitan Life Insurance Company v. Steiner, 219 Iowa 785, 259 N. W. 234, heretofore referred to. The decision reached in this case will, under the stipulations of the parties, be applicable to the other three cases which were argued and submitted along with it.

We find no reason for disturbing the decrees of the trial court in any of these cases, and such decrees are, therefore, affirmed.

ANDERSON, C. J., and all Justices concur.